FRIEDA STENDER *vs.* THE CARROLL CUT RATE PERFUME CO

JUNE 6, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This action of assumpsit was tried by a justice of the Superior Court without the intervention of a jury. At the close of the testimony he rendered a decision for plaintiff for $53.27, the amount claimed to be due. The case is before this court on defendant's exception to the denial of its motion for a decision.

The following facts are undisputed. Plaintiff was employed by defendant as a saleswoman in its store from August, 1929, until April 4, 1931, when she was paid the wages due and discharged.

This action is brought to recover commissions claimed to be due on sales made during the months of February, March and April preceding her discharge. Plaintiff was familiar with defendant's rules by which it agreed to pay a commission to its clerks.

Rule 2 states: "Commissions will be paid at the discretion of the home office; their decision will be final .. . ." Rule 11 states: "Clerks will receive a commission, rate to be determined by the company . . . Commissions on the above . . . are paid only for the good behavior of sales clerks or managers, and we retain the right to refuse payment if any of our rules are violated."

Defendant's general manager testified that the home office exercised its discretion not to pay plaintiff a commission. He testified that a few days before plaintiff was discharged he was in the store and saw her deliver a package containing three articles to a customer; that after the customer departed he opened the cash drawer in the register, before any other clerk had an opportunity to open it, and the money which plaintiff should have received for the articles delivered to her customer was not in the drawer; that he ordered the local manager to discharge plaintiff the following Saturday night and to pay her her wages, and that he reported these facts to the home office.

Plaintiff denied that she took any money from the cash drawer or otherwise behaved in a dishonest manner. The trial justice said he believed plaintiff and awarded her the amount claimed for commissions. The trial justice misconceived the issue.

Plaintiff was not entitled to a commission unless her services were satisfactory to the home office. When a bonus or commission is agreed to be given for satisfactory services, it is within the discretion of the employer to

determine whether the employee's services have been. satisfactory. Such discretion must be fairly and reasonably exercised. If an employee is discharged for dishonesty he forfeits his right to claim a commission. *Barker* v. *Barker Artesian Well Co.*, 45 R. I. 297. 39 C. J. 160. As the home office of defendant had a *bona fide* report of some facts. upon which to base its refusal to pay a commission to plaintiff, it cannot be held that its refusal was arbitrary or without reason.

Defendant's exception to the denial of its motion for a. decision is sustained.

On June 19, 1934, at 9 o'clock, a. m., the plaintiff may appear before this court and show cause, if any she has, why the case should not be remitted to the Superior Court. with direction to enter judgment for the defendant.

*Morgan & Morgan*, for plaintiff.

*Atwood, Remington, Thomas & Levy*, for defendant.

NATIONAL INDIA RUBBER CO. *vs.* CATHERINE KILROE.

JUNE 8, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This cause is before this court on a certification from the Superior Court (G. L. 1923, C. 348, s. 5) for the determination of the following question: If the petitioner was guilty of serious misconduct amounting to gross negligence, by allowing a dangerous condition to exist at its plant of which it knew or should have known and which caused the death of the husband of the respondent, may the respondent maintain an action at law for damages for such death under the provisions of Section 14, Chapter 333, G. L. 1923, and all acts in amendment thereof and in addition thereto, in lieu of compensation for such death to which she is admittedly entitled under the Workmen's Compensation Act, so-called?

On February 3, 1933, one John J. Kilroe, an employee of the petitioner, received personal injuries and died as the result of an accident arising out of and in the course of his employment. The dependents of the deceased at his death were his widow—the respondent—and a minor child.

The petitioner filed a petition under the Workmen's Compensation Act wherein the matter in dispute was stated to be whether respondent was entitled to maintain an action at common law against the petitioner for damages under the provisions of Sec. 14, Chap. 333, G. L. 1923, commonly referred to as the death statute.

The respondent admits that both the petitioner and her husband had elected to become subject to the Compensation Act but she contends (1) that, although the Compensation Act is the only remedy available to an employee for personal injuries, in the case of his death his dependents may elect to receive either compensation under the act or damages at law under the death statute and (2) that, if the employer is guilty of gross negligence, the Compensation Act has no application.

The doctrine of degrees of negligence is not recognized in this State. *Leonard* v. *Bartle*, 48 R. I. 101. The record is silent as to details of the accident. It appears only that the cause of the death of the deceased was an explosion of gasoline. The question therefore is with respect to the accidental death of an employee due to the negligence of the employer and not, as the respondent contends, of a death caused by the willful or intentional act of an employer. The allegation in the question that the negligence of the employer was gross is surplusage and is immaterial.

By the common law no recovery could be had for an injury resulting in death. In 1853 this statute, now Sec. 14, Chap. 333, G. L. 1923, as amended by Chap. 1912, P. L. 1932, was enacted. This statute, which is similar to Lord Campbell's Act, provides that, whenever the death of any person shall be caused by the wrongful act or neglect of another, and the act or neglect is such as would, if death had not ensued, entitle the party injured to maintain an action for damages, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages by the executor or administrator of the estate of the deceased or by the beneficiaries named in the statute, notwithstanding the death of the person injured and although the death shall have been caused under such circumstances as amount in law to a felony.

In construing the death statute in *Lubrano* v. *Atlantic Mills*, 19 R. I. 129, this court decided that the statute created no new cause of action by reason of the death; and that, while the statute relates to a remedy, it is nevertheless, in derogation of the common law and so should be strictly construed.

The Workmen's Compensation Act was enacted in 1912. It provides in Section 6, Article I that an employee, who shall have elected to become subject to the provisions of the act, shall be held to have waived his right of action at common law to recover damages for personal injuries, and in Section

7 that the right to compensation for an injury and the remedy therefor granted by the act shall be in lieu of all rights and remedies as to such injury now existing, either at common law or otherwise. Section 4, of Article VIII provides that: "In all cases where an employer and employee shall have elected to become subject to the provisions of this chapter, the provision of section fourteen of chapter three hundred thirty-three of the general laws (the death statute) shall not apply while this chapter is in effect." The act provides for a definite compensation to the employee or, if death results from the injury, to his dependents.

A new system is established by this legislation. The employer is made liable for certain accidental injuries for which before he was not liable. The employee or his dependents receive compensation by a procedure which is designed to be simple and expeditious. Both employer and employee in accepting the act surrender some rights and receive certain benefits. In some cases the employee or his dependents may receive less compensation under the act than at common law, but, on the other hand, they may receive compensation to which at common law they would not be entitled.

If the decedent had survived he would not have been entitled to maintain an action at common law. The statutory right of action for death is based upon decedent's right of action if he had survived. He had no such right and his death created no new right of action for his personal representatives. The intention of the legislature is clear. The Compensation Act—if the parties have accepted its provisions—excludes the common law action. In case of death, one statutory remedy is substituted for another. The election of the remedy is made by the employee when he enters his employment and his election is binding on himself and his personal representatives.

The question submitted to us requires an interpretation of our own statutes, and decisions based on different statutes of other states are not in point. For the reasons stated we

are of the opinion that the respondent is not entitled to maintain an action at common law and we answer the question certified to us in the negative.

The papers in the cause are ordered sent back to the Superior Court with our decision certified thereon.

*Sherwood & Clifford, Sidney Clifford,* for petitioner.

*Joseph E. Beagan,* for respondent.