James H. CHRISTIE, Plaintiff,

v.

POWDER POWER TOOL CORPORATION, Defendant.

MOUNCE AND CECIL et al., Defendants and Third-Party Plaintiffs,

v.

UNITED STATES of America, Third-Party Defendant.

Civ. No. 2155.

United States District Court, District of Columbia.

Oct. 11, 1954.

694

Charles Bragman, Washington, D. C., for plaintiff.

Edward Bennett Williams, Washington, D. C., for Powder Power Tool Corp.

Bernard J. Gallagher, and J. Roy Thompson, Jr., Washington, D. C., for Mounce and Cecil, t/a as Mounce and Cecil.

Stanley M. Dietz, Washington, D. C., for Leonard Cecil and for Cecil Fastening Equipment, Inc.

Leo A. Rover, U. S. Atty., Oliver Gasch, Frank H. Strickler, and Joseph M. F. Ryan, Jr., Asst. U. S. Attys., Washington, D. C., for third-party defendants.

PINE, District Judge.

James Christie came to his death on May 13, 1952, at Fort Belvoir, Virginia. He was a civilian employee of the United States. His death occurred when he was struck and mortally wounded by a metal pin which was discharged from a tool used to fasten the top and bottom layers of a metal airplane landing mat.

The Powder Power Tool Corporation manufactured the tool, which was being demonstrated by Andrew M. Mounce and Leonard Cecil, doing business as Mounce and Cecil.

Plaintiff, administrator of the estate of James Christie, has sued, among others, Powder Power Tool Corporation, Mounce and Cecil, and Cecil individually, claiming that defendants, knowing the tool was dangerous, negligently and wilfully operated it without proper safety devices.

Defendants Mounce and Cecil, and Cecil individually, on motion, were granted leave to file third-party complaints against the United States. These complaints were filed, and the United States has moved to dismiss the same, or in the alternative for a summary judgment in respect of Mounce and Cecil. The last-mentioned motion is before me for consideration.

The third-party complaints are expressly brought under the Federal Tort Claims Act, 28 U.S.C. § 2674, and seek contribution and indemnity from the United States. The fact that they are not seeking indemnity under contract is furthermore made abundantly clear by the language in their brief in which they state that the indemnity sought "is not contractual indemnity but is indemnity for tort—for a breach of an independent right owed to the third-party plaintiffs by the United States."

It appears from the exhibits attached to the motion that plaintiff in this case has received the benefits provided by the Federal Employees Compensation Act, 5 U.S.C.A. § 751 et seq. Any other recovery against the United States is precluded by the terms of that Act, reading, so far as material, as follows: "The liability of the United States * * * with respect to the * * * death of an employee shall be exclusive, and in place, of all other liability of the United States. * * * to the employee, his legal representative * * * and anyone other-

wise entitled to recover damages from the United States * * * on account of such * * * death, in any * * * proceedings, whether administrative or judicial * * * *under any Federal tort liability statute*". (Italics supplied.) 5 U.S.C.A. § 757(b).

The third-party claims against the United States, therefore, cannot stand, and it is unnecessary to look into the other reasons set forth by the United States as grounds for dismissal. The case of Coates v. Potomac Electric Power Co., D.C., 96 F.Supp. 1019, is not apposite, for among other reasons that dealt with the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., applicable to the District of Columbia. In this case, the Federal Employees Compensation Act, supra, forbids recovery in any proceedings under the Federal Tort Claims Act, supra, on which these complaints are predicated.

Motion for summary judgment will therefore be granted.