**Donald G. RHOADES, Administrator of the Estate of Warren Donald Rhoades, Deceased, Plaintiff,**

**v.**

**UNITED STATES of America and United Air Lines, Inc., a Delaware Corporation, Defendants.**

**Mary A. PARSONS, Special Administratrix of the Estate of Clayton Parsons, Deceased, Plaintiff,**

**v.**

**UNITED STATES of America and United Air Lines, Inc., a Delaware Corporation, Defendants.**

Nos. 29–59, 369–59.

United States District Court
S. D. California,
Central Division.

Nov. 20, 1962.

Belcher, Henzie & Fargo, Los Angeles, Cal., for plaintiffs.

Donald A. Fareed, Asst. U. S. Atty., Los Angeles, Cal., for defendant United States.

Chase, Rotchford, Downen & Drukker, Los Angeles, Cal., for defendant United Air Lines.

HALL, Chief Judge.

The two above-entitled cases are among those consolidated for trial on the question of liability with Wiener v. United Air Lines and United States of America, D.C., 216 F.Supp. 701, No. 469–58.

In the Wiener case, the United States and the United Air Lines filed Cross-claims against each other. In the Pre-trial Order in the Wiener case, No. 469–58–PH, it was stipulated, with the approval of the Court, that the Cross-claims filed by each of the parties in that case and their respective answers thereto should be deemed to be the respective Cross-claims and answers in all of the other cases, including the above two.

■ The matter is before the Court on the motion of the United States to dismiss the Cross-claim of United Air Lines against the United States for lack of jurisdiction.

In the Parsons case, No. 369–59–PH, the jury rendered its verdict against United Air Lines in the amount of $142,232.27. In the Rhoades case, counsel for plaintiffs and counsel for defendant United Air Lines entered into a stipulation fixing the amount of damages against United Air Lines to be in the sum of $45,000.00, preserving, however, the right of United Air Lines to assert whatever lawful claim it may have for contribution or indemnity against the United States.

The position of the United States is that under the terms and provisions of 5 U.S.C.A. § 757(b) any right to sue for indemnity or contribution as a result of the death or personal injury of an employee of the United States is withdrawn under the Federal Employees' Compensation Act which modifies the Federal Tort Claims Act to that extent.

There is no question but that both decedents, Warren Donald Rhoades and Clayton Parsons, were employees of the United States, and their respective heirs are receiving benefits under the Federal Employees' Compensation Act of October 14, 1949, as amended. [5 U.S.C. § 757(b)].

Cross-claimant United Air Lines argues that under the *ejusdem generis* rule, the language of 5 U.S.C. § 757(b), by specifying "legal representatives, spouses, dependents and next of kin" limits the right to sue the United States to only such class of persons, and was not intended to preclude indemnity or contribution in such a case as the present case where the United Air Lines, a third party, and obviously not a "legal representative, spouse, dependent or next of kin" must pay the judgment to the plaintiffs whose decedents were employees of the United States. The argument loses its validity not only in the face of the authority of the cases hereinafter mentioned, but also by the wording of the statute. After specifying "spouses" etc., the statute states: "and *anyone otherwise* entitled to recover damages from the United States or such instrumentality * * * under *any* Federal Tort Liability Statute." The word "otherwise" destroys the *ejusdem generis* argument, as it means anyone who might be entitled to make a claim against the United States, which arises from a relationship, dis-similar to the specified classes. Such is the situation of United Air Lines here. This interpretation is emphasized by the specific reference in the latter part of the section to "any Federal Tort Liability Statute."

The position urged by United Air Lines here was discussed and analyzed by the Ninth Circuit in United States v. Weyerhaeuser S.S. Co. (9 Cir., 1961) 294 F.2d 179, and decided against the position taken by United Air Lines. While it is true that certiorari has been granted by the Supreme Court, 369 U.S. 810, 82 S.Ct. 688, 7 L.Ed.2d 611, nevertheless I feel bound not only by the authority of that Opinion, but by its reasoning and logic, as well as the reasoning and logic of the following cases: Drake v. Treadwell Construction Company, (3 Cir., 1962) 299 F.2d 789, appeal pending; United States v. Weyer-

734

haeuser S.S. Co. (9 Cir., 1961) 294 F.2d 179, cert. granted 369 U.S. 810, 82 S.Ct. 688, 7 L.Ed.2d 611; Drumgoole v. Virginia Elec. & Power Company (E.D.Va. 1959) 170 F.Supp. 824; Christie v. Powder Power Tool Corp. (D.C.D.C. 1954) 124 F.Supp. 693; Brown & Root, Inc. v. United States (S.D.Tex.1950) 92 F.Supp. 257, 265, aff'd 198 F.2d 138 (5 Cir., 1952); 13 Am.Jur., Contribution §§ 51 and 52.

I therefore hold that the Motion of the United States to dismiss the Cross-claim of United Air Lines for lack of jurisdiction is proper and should be granted.

■ In each of the above cases, the United States filed its answer and cross-claim, but in the Pre-trial Order on the consolidated cases it was agreed that the two instant cases would proceed against United Air Lines only. In any event, the heirs of the decedents involved in the two above cases could not sue the United States under the Tort Claims Act, but are limited in their right to recovery against the United States to the provisions of the Federal Employees Compensation Act. That being so, the plaintiffs' Complaints against the United States should be dismissed.

Whether the United States is entitled to recover its cross-claim against United Air Lines, in view of the situation as it now stands, has not been briefed or argued by counsel.

The Court adopts the consolidated findings of fact heretofore made, and also the conclusions of law not inconsistent with this Memorandum and Judgment.

In view of the foregoing and good cause appearing therefor:

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the Cross-claims of United Air Lines against the United States of America in the two above-entitled cases be, and each of them is hereby dismissed; and

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Complaints of the plaintiffs against the United States of America be, and each of them is hereby dismissed.