Beverly ROWE, in her Capacity as Administratrix of the Estate of Warren S. Rowe, Plaintiff,

v.

JOHN C. MOTTER PRINTING PRESS COMPANY, Defendant and Third-Party Plaintiff,

v.

LOCKWOOD GREENE ENGINEERS, INC., Providence Gravure, Inc., James J. O'Rourke d/b/a O'Rourke Company, the Anderson Sheet Metal Company and E. Turgeon Construction Co., Inc., Third-Party Defendants.

Beverly ROWE, in her Capacity as Administratrix of the Estate of Warren S. Rowe, Plaintiff,

v.

LOCKWOOD GREENE ENGINEERS, INC., Defendant and Third-Party Plaintiff,

v.

JOHN C. MOTTER PRINTING PRESS COMPANY, James J. O'Rourke d/b/a O'Rourke Electric Company, the Anderson Sheet Metal Company, Providence Gravure, Inc., and E. Turgeon Construction Co., Inc., Third-Party Defendants.

Civ. A. Nos. 3323, 3502.

United States District Court
D. Rhode Island.

Aug. 17, 1967.

Guy J. Wells, of Hinckley, Allen, Salisbury & Parsons, Providence, R. I., Thomas D. Gidley, of Hinckley, Allen, Salisbury & Parsons, Providence, R. I., for plaintiff.

Joseph V. Cavanagh, John P. Cooney, Jr., and John F. Dolan, Providence, R. I., for John C. Motter Printing Press Co.

Joseph A. Kelly, Providence, R. I., for James J. O'Rourke d/b/a O'Rourke Co.

William A. Curran, Providence, R. I., for E. Turgeon Const. Co., Inc.

Owen P. Reid, Edward J. Regan, Providence, R. I., for Lockwood Greene Engineers, Inc.

Eldridge H. Henning, Jr., Edward F. Hindle, Associate Counsel, Providence, R. I., for Providence Gravure, Inc.

No appearance for the Anderson Sheet Metal Co.

DAY, Chief Judge.

In each of these actions, the plaintiff seeks to recover damages for the death of plaintiff's intestate, one Warren S. Rowe, who, while cleaning a printing press belonging to his employer, Providence Gravure, Inc., sustained severe burns that caused his death. In her complaint, in each of these actions, she alleges that said injuries to and the death of the decedent were caused by the negligence of the defendant named therein.

In Civil Action No. 3323, the defendant, John C. Motter Printing Press Company, as a third-party plaintiff has filed a third-party complaint, in Count V of which it denies that it was negligent as alleged by the plaintiff, but avers that if it was negligent, the fire and resulting injuries and death were caused by the joint negligence of itself and the third-party defendant, Providence Gravure, Inc., and seeks contribution from said Providence Gravure, Inc. in accordance with the provisions of the Uniform Contribution Among Joint Tortfeasors Act, General Laws of Rhode Island, 1956, Section 10–6–1 et seq. in the event it shall be adjudged liable in damages in any amount to the plaintiff for the death of the said Warren S. Rowe.

Similarly, in Civil Action No. 3502, Lockwood Greene Engineers, Inc., the defendant, as a third-party plaintiff has filed a third-party complaint, in Count IV of which it likewise denies that it was negligent and asserts that if it was negligent, the fire and resulting injuries and death were caused by the joint or several negligence of itself and the third-party defendant, Providence Gravure, Inc., and seeks contribution from said Providence Gravure, Inc. in accordance with the provisions of said Act in the event that it shall be adjudged liable in damages in any amount to the plaintiff for the death of the said Warren S. Rowe.

Providence Gravure, Inc. has moved "to strike" each of said counts on the following grounds, viz.; (1) that it fails to state a claim against Providence Gravure, Inc. upon which relief can be granted; (2) that it and the said Warren S. Rowe, its employee, and his injuries and resulting death were subject to and covered by the Workmen's Compensation Act, General Laws of Rhode Island, 1956, Section 28–29–1 et seq.; (3) that the plaintiff, in each of these actions, as the dependent of said Warren S. Rowe and it have entered into an agreement approved by the Director of Labor of the State of Rhode Island on July 3, 1963 (an attested copy of which is attached to each of said motions) for the payment of compensation to her for his death in accordance with the provisions of said Workmen's Compensation Act; and (4) that as the employer of said deceased employee and subject to said Act, it is not a joint tortfeasor within the meaning of said Uniform Contribution Among Joint Tortfeasors Act.

Counsel for the defendant and third-party plaintiff in each of these actions concede that Providence Gravure, Inc. and its employee, Warren S. Rowe, and his injuries and death were covered by said Workmen's Compensation Act. Since there is no genuine issue of material fact as to the coverage of said Act, said motions "to strike" will be considered by me as motions by Providence Gravure, Inc. as motions for summary

judgment in its favor on each of said counts.

The question of whether a third person tortfeasor who is found to be liable in damages for a workman's injuries or death is entitled to recover contribution from the workman's employer whose negligence concurred in causing the injuries or death where the employer, the employee and particular injury and death are covered by the Rhode Island Workmen's Compensation Act has never been passed upon by the Supreme Court of the State of Rhode Island. The great majority of the decided cases hold that the employer's liability under the Workmen's Compensation Act is exclusive of all other liability and that a third person tortfeasor is not entitled to recover contribution from the employer despite the fact that the latter's negligence concurred in causing the injury or death where the employer, the employee and the injury or death are covered by the provisions of a workmen's compensation act. See Annotation, 53 A.L.R.2d 977, 979.

Section 10–6–2 of the General Laws of Rhode Island, 1956, defines the term "joint tortfeasors" as follows:

"Joint tortfeasors defined.—For the purposes of this chapter the term 'joint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them."

And Section 10–6–3 thereof then provides:

"Right of contribution declared.—The right of contribution exists among joint tortfeasors."

■■■ One of the primary purposes of said Uniform Contribution Among Joint Tortfeasors Act was to create a right of contribution among joint tortfeasors which did not exist at common law. Hackett v. Hyson, 1946, 72 R.I. 132, 48 A.2d 353, 166 A.L.R. 1096. But it is well settled that its provisions are only applicable where there is a common liability to an injured person. This common liability may be either joint or several, but there can be no contribution unless the injured person has a right of action in tort against both the party seeking contribution and the party from whom contribution is sought. The right of contribution is a derivative right and not a new cause of action. Troutman v. Modlin, 1965, 8 Cir., 353 F.2d 382; Chicago, Rock Island & Pacific Railroad Co. v. Chicago & Northwestern Railway Co., 1960, 8 Cir., 280 F.2d 110; White v. McKenzie Cooperative, Inc., 1964, D.C. N.D., 225 F.Supp. 940; Baltimore Transit Co. v. State, 1944, 183 Md. 674, 39 A.2d 858, 156 A.L.R. 460; Zotta v. Otis Elevator Co., 1960, 64 N.J.Super. 344, 165 A.2d 840; 18 Am.Jur.2d 69, Contribution, § 48.

In said Workmen's Compensation Act, Sections 28–29–20 and 28–29–21 of the General Laws of Rhode Island, 1956, it is provided as follows:

"28–29–20. Rights in lieu of other rights and remedies. The right to compensation for an injury under chapters 29 to 38, inclusive, of this title, and the remedy therefor granted by said chapters, shall be in lieu of all rights and remedies as to such injury now existing, either at common law or otherwise; and such rights and remedies shall not accrue to employees entitled to compensation under said chapters while they are in effect."

"28–29–21. Wrongful death law inapplicable. In all cases where an employer and an employee shall have elected to become subject to the provisions of chapters 29 to 38, inclusive, of this title, the provisions of §§ 10–7–1 to 10–7–8, inclusive, shall not apply while said chapters are in effect."

In National India Rubber Co. v. Kilroe, 1934, 54 R.I. 333, 173 A. 86, the Supreme Court of Rhode Island held that the widow and dependent of a deceased workman subject to the Workmen's Compensation Act of Rhode Island could not maintain an action at law against his former employer for damages for his death. In construing provisions practically identical to those in the existent Rhode Island Workmen's Compensation

Act, the Supreme Court held at page 336, 173 A. at page 87:

"A new system is established by this legislation. The employer is made liable for certain accidental injuries for which before he was not liable. The employee or his dependents receive compensation by a procedure which is designed to be simple and expeditious. Both employer and employee in accepting the act surrender some rights and receive certain benefits. In some cases the employee or his dependents may receive less compensation under the act than at common law, but, on the other hand, they may receive compensation to which at common law they would not be entitled.

If the decedent had survived he would not have been entitled to maintain an action at common law. The statutory right of action for death is based upon decedent's right of action if he had survived. He had no such right, and his death created no new right of action for his personal representatives. The intention of the Legislature is clear. The Compensation Act, if the parties have accepted its provisions, excludes the common-law action. In case of death, one statutory remedy is substituted for another. The election of the remedy is made by the employee when he enters his employment, and his election is binding on himself and his personal representatives."

Since under the Rhode Island Workmen's Compensation Act the plaintiff as the personal representative of the said Warren S. Rowe has no right of action in tort for damages for his death against his former employer, it follows that it, the said Providence Gravure, Inc.,

is not a joint tortfeasor within the meaning of said Uniform Contribution Among Joint Tortfeasors Act against which contribution can be recovered under said Act.

In my opinion, the case of Zarrella v. Miller, 1965, R.I., 217 A.2d 673, upon which each defendant and third-party plaintiff relies is clearly distinguishable. In that case a cause of action existed against the defendant in favor of his wife, but she could not enforce it against him under the doctrine of interspousal immunity which the Supreme Court held was merely procedural.

Similarly, the cases of Atella v. General Electric Company, 1957, D.C.R.I., 21 F.R.D. 372, and Whitmarsh v. Durastone Co., 1954, D.C.R.I., 122 F.Supp. 806, are distinguishable from the instant actions. In each of them the defendant as a third-party plaintiff sought indemnity from the third-party defendant. The third-party complaint therein was grounded upon the alleged breach of a consensual obligation owing by the third-party defendant to the third-party plaintiff which resulted in damages to the latter.

Finding, as I do, that Providence Gravure, Inc. is not a joint tortfeasor within the meaning of said Uniform Contribution Among Tortfeasors Act and hence not liable for contribution thereunder, it follows that Count V of the third-party complaint in Civil Action No. 3323 and Count IV of the third-party complaint in Civil Action No. 3502 fail to state claims against Providence Gravure, Inc. upon which relief could be granted.

Accordingly, the motions of Providence Gravure, Inc. are granted. Summary judgment will be entered in its favor as to each of said counts.