**NEWPORT AIR PARK, INC.**

v.

**UNITED STATES of America.**

**Civ. A. No. 3894.**

United States District Court
D. Rhode Island.

Nov. 29, 1968.

Bruce G. Sundlun, Providence, R. I., for plaintiff.

William L. Morrow, Atty., Dept. of Justice, Washington, D. C., Edward P. Gallogly, U. S. Atty., Frederick W. Faerber, Jr., Asst. U. S. Atty., Providence, R. I., for defendant.

## OPINION

PETTINE, District Judge.

This is an action for contribution against the United States of America

commenced by the plaintiff, Newport Air Park, Inc., under the Federal Tort Claims Act. Jurisdiction is grounded upon 28 U.S.C. § 1346.[1]

The plaintiff's complaint alleges the following facts. Robert Allin McFarland was killed on January 22, 1966, while in the course of government employment. The accident occurred when the aircraft in which McFarland was a student pilot collided with an aircraft owned by the plaintiff, Newport Air Park, Inc. The collision was caused by the concurring negligence of plaintiff and the United States. After the accident, Mrs. McFarland, in behalf of herself and Rebecca McFarland, a female child born shortly after her husband's death, instituted a negligence action against Newport Air Park, Inc. That action was settled for $50,000.00. Subsequent to that settlement, Mrs. McFarland discharged the statutory liability of the United States.[2] The plaintiff's complaint concludes that under Rhode Island law, R.I.G.L. §§ 10–6–1 et seq., as amended, 1956, the defendant, if a private person, would be liable to the plaintiff.[3]

The United States answered and in addition has moved for summary judgment on the basis of the pleadings and certain affidavits submitted by it. Those affidavits represent that Mrs. McFarland claimed and was awarded compensation benefits from the United States pursuant to 5 U.S.C. §§ 8101 et seq., the Federal Employees' Compensation Act.[4]

For purposes of the United States' motion for summary judgment, all of the facts stated by the plaintiff and uncontroverted by the defendant must be taken to be true. Likewise, the uncontroverted facts contained in the affidavits of the United States regarding the payment to Mrs. McFarland of federal employees' compensation benefits must be taken to be true.

Given these facts, the United States moves for summary judgment on two legal theories, either of which, if accepted by the court, entitles it to judgment. First, the United States claims that the Federal Employees' Compensation Act, 5 U.S.C. § 8116(c), by its terms, completely excludes relief under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), not only as to Mrs. McFarland, but also as to Newport Air Park, Inc. Second, the defendant claims that even if 5 U.S.C. § 8116(c) is not a bar to 28 U.S.C. § 1346(b) recovery, the United States, as a private person, would not be liable to plaintiff under Rhode Island law, because R.I.G.L. §§ 10–6–1 et seq. should be so construed as to place the United States outside the category of joint tort-feasor.[5]

1. 28 U.S.C. § 1346(b) states in pertinent part:

> The district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

2. See 5 U.S.C. § 8132 which compels adjustment with the United States after a settlement such as the one in this case.

3. See note 1, supra.

4. The fact that the decedent's representative recovered compensation benefits, taken together with 5 U.S.C. § 8132, and the uncontroverted allegation of the plaintiff's complaint as to the discharge of the defendant, and certain statements made by the plaintiff's counsel on brief and on oral, which were not disputed by counsel for the United States, all require this court to conclude that after settlement Mrs. McFarland did, in fact, repay the government in the amount of whatever benefits she had actually received. See note 2, supra.

5. See note 1, supra.

### The Federal Employees' Compensation Act As An Express Bar to Contribution

5 U.S.C. § 8116(c), the portion of the Federal Employees' Compensation Act relied upon by the United States, states in pertinent part:

> The liability of the United States * * * with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States * * * to the employee, his legal representative * * and *any other person otherwise entitled* to recover damages from the United States * * * because of * * * death in a direct judicial proceeding * * * under a federal tort liability statute. * * * (Emphasis added.)

The United States would have this court so construe the emphasized statutory language as to encompass persons who seek contribution from the United States under the Federal Tort Claims Act in actions arising out of injuries to employees of the United States compensable by the United States under the Federal Employees' Compensation Act and caused by the concurrent negligence of the United States and such persons. Such a construction has been accepted by some courts. E. g., Christie v. Powder Power Tool Corp., 124 F.Supp. 693 (D.D.C. 1954); Rhoades v. United States, 216 F. Supp. 732 (S.D.Cal.1962). Nevertheless, the emphasized statutory language is susceptible of a differing construction. By such a construction, commonly referred to as the *ejusdem generis* rule of construction, "any other person otherwise entitled * * *" would be limited to the class which includes but is not limited to the persons previously specified in the statute, namely, "* * * the employee, his legal representative, spouse, dependents, next of kin, * *".

As the plaintiff states in its supplemental brief at p. 4:

> When read in context, "any other person" stands in apposition to legal representative, spouse, dependents, next of kin, and is clearly intended to embrace persons in a quasi-legal capacity, such as stepmothers or foster children who depended for their support upon the injured or deceased employee but who would normally not be entitled to claim benefits absent on explicit statutory purpose to include them.

While this construction does not seem to account for the use of the term "otherwise" in the statute,[6] it is entirely compatible with the legislative history. The Federal Employees' Compensation Act was first enacted in 1916, well before the elimination of the immunity afforded the United States because of its sovereignty. When the United States decided to allow itself to be sued, government employees injured by the negligence of the government became the gratuitous and fortuitous beneficiaries of a choice to sue the United States in tort or to accept compensation under the Federal Employees' Compensation Act. Because of the alleged inadequacy of statutory benefits, suits in tort against the United States proliferated. In 1949, the Federal Employees' Compensation Act was amended to increase the scope and amount of statutory benefits. The *quid pro quo* for that increase was the statutory provision excluding "all other liability of the United States." Nowhere in the legislative history is there any indication that the statutory exclusion was intended to concern private party contribution suits. Rather, the statutory history emanates an intent to deal exclusively with the employer-employee relationship. The statutory section which embodies the exclusive remedies facet of the 1949 adjustment is the sec-

---

6. Webster defines "otherwise" as "in a different way or manner." Webster's Third New International Dictionary, 1598 (Merriam Co. 1967) E. g., Rhoades v. United States, 216 F.Supp. 732 (S.D. Cal.1962)

tion under consideration in this case. This court concludes that it was not intended to eliminate private party claims for contribution.

In an extremely analogous case, the United States Supreme Court concluded that 5 U.S.C. § 8116(c) does not bar a private shipowner's admiralty claim to recover half the damages paid to a government employee injured as a result of a mutual fault collision between the shipowner and the United States. In Weyerhaeuser S.S. Co. v. United States, 372 U.S. 597 (1963), the court stated at p. 601, 83 S.Ct. 926, at p. 929, 10 L.Ed. 2d 1:

> * * * as between the Government on the one hand and its employees and their representatives or dependents on the other, the statutory remedy was to be exclusive. There is no evidence whatever that Congress was concerned with the rights of unrelated third parties * * *.

Although the United States has sought to distinguish *Weyerhaeuser* on the basis of its admiralty peculiarities, the language upon which the government relied in that case is the precise language of the same statute upon which it relies in this case. With respect, therefore, to this phase of the government's motion,[7] *Weyerhaeuser* is controlling, and this court accepts the weight of the authority, e. g., United Air Lines, Inc. v. Wiener, 335 F.2d 379, 402 (9th Cir. 1964); Hart v. Simons, 223 F.Supp. 109 (E.D.Pa.1963); Drake v. Treadwell Const. Co., C.A. No. 14517, (W.D.Pa. 1963),[8] that 5 U.S.C. § 8116(c) does not in and of itself bar claims for contribution by private party tortfeasors against the United States under the Federal Tort Claims Act in actions arising out of injuries to employees of the United States compensable by the United States under the Federal Employees' Compensation Act and caused by the concurrent negligence of the United States and such private parties.

### The Liability of the United States For Contribution As A Joint Tortfeasor Under Rhode Island Law

■ 28 U.S.C. § 1346(b), the relevant portion of the Federal Tort Claims Act for purposes of the plaintiff's claim for contribution, states in pertinent part:

> * * * the district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, * * * for * * * personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government, while acting within the scope of his office or employment, under circumstances where the United States, *if a private person*, would be liable to the claimant in accordance with *the law of the place where the act or omission occurred.* (Emphasis added.)

The plaintiff contends that the United States, if a private employer, would in the circumstances of this case be liable for contribution under Rhode Island law, R.I.G.L. §§ 10–6–2, 3, notwithstanding the exclusive liability section of the employees' compensation scheme, R.I.G.L. § 28–29–20, as amended, 1956. The plaintiff relies heavily, as it must, on federal, e. g., Hart v. Simons, 223 F. Supp. 109 (E.D.Pa.1963); Drake v. Treadwell Const. Co., C.A. No. 14517

---

7. *Weyerhaeuser* will be treated also with respect to the second phase of the government's motion for summary judgment.

8. See, however, Busey v. Washington, 225 F.Supp. 416, 421–423 (D.D.C.1964). It is difficult to determine whether *Busey* attempts to distinguish *Weyerhaeuser* on the basis of its admiralty peculiarities as to the question of 5 U.S.C. § 8116(c)'s alleged impact on 28 U.S.C. § 1346(b) or as to the question of 5 U.S.C. § 8116(c)'s alleged impact on the definition of "joint tortfeasor" within the meaning of Rhode Island law. *Busey's* reference to Christie v. Powder Power Tool Corp., 124 F.Supp. 693 (D.D.C.1954) suggests the former in which case *Busey* must be deemed incorrect. However, *Busey's* reasoning suggests the latter, in which case *Busey* must be deemed correct. See text and note 9 at p. 813 infra.

(W.D.Pa.1963); Kim v. Michigan Ladder Co., 208 F.Supp. 298 (W.D.Pa.1962); Quinones v. Township of Upper Moreland, Pa., 187 F.Supp. 260, 273 (E.D.Pa. 1960); and state, e. g., Maio v. Fahs, 339 Pa. 180, 14 A.2d 105 (1940); Brown v. Dickey, 397 Pa. 454, 155 A.2d 836 (1959); Stark v. Posh Const. Co., 192 Pa.Super. 409, 162 A.2d 9 (1960); Rommell v. United States Steel Corp., 66 N.J.Super. 30, 168 A.2d 437 (App.Div. Super.Ct.N.J.1961) (Pa. law applied); Elston v. Industrial Lift Truck Co., 420 Pa. 97, 216 A.2d 318 (1966) (Applying N.J. law—lengthy discussion of Pa. law), decisions applying the "Pennsylvania rule" that allows contribution over against employers even though their obligation is controlled exclusively by the employee compensation laws. In addition, the plaintiff relies on the decision of the Supreme Court in Weyerhaeuser S.S. Co. v. United States, supra. The United States would have this court disregard both the Pennsylvania cases and the *Weyerhaeuser* case on the grounds that the former cases constitute a local Pennsylvania aberration and the latter case is distinguishable by virtue of its admiralty rationale.

### The *Weyerhaeuser* Case

The court agrees that, with respect to this phase of the government's motion, the *Weyerhaeuser* rationale cannot control this case. There the Supreme Court merely prohibited a construction of the Federal Employees' Compensation Act which would have abrogated a settled rule of divided damages in maritime mutual fault collisions. As the United States argues in its supplemental brief at p. 3:

> The rule of divided damages in mutual fault collisions is peculiar to maritime law and is distinctly different from contribution among joint tortfeasors * * * In admiralty where there is a collision between two vessels involving mutual fault, there arises a right to apportionment of all damages—including personal injuries, cargo damage, and damage to the ships * * * The divided damages rule is based upon the duty which each shipowner owes to the other to navigate safely and is *not* based upon any joint liability to the person injured.

The position taken by the United States has been accepted by the two federal courts, outside of Pennsylvania, that have considered the question. United Air Lines, Inc., v. Wiener, 335 F.2d 379, 402–404 (9th Cir. 1964); Busey v. Washington, 225 F.Supp. 416, 421–423 (D.D.C.1964).[9] Moreover, *Weyerhaeuser* is not even indispensable to the district court decisions in either *Hart* or *Treadwell*, both of which rest on Pennsylvania's minority construction of the Uniform Contribution Among Joint Tortfeasors' Act and not on any settled admiralty doctrine of divided damages. The court holds, therefore, that *Weyerhaeuser* is not controlling with respect to this facet of the motion.[10]

### The Pennsylvania Limited-Contribution Rule and The No-Contribution Rule [11]

The plaintiff seeks contribution from the United States under the Rhode Is-

---

**9.** The citation of *Busey* assumes, of course, that the ambiguity of *Busey*, described supra, note 8, is resolved in favor of its reasoning and not in favor of its citation of *Christie*.

**10.** See note 7, supra, and accompanying text.

**11.** See generally Forney, Employer's Liability for Contribution or Indemnity, 34 Ins. Counsel J. 362 (1967), McCoid, The

Third-Person in the Compensation Picture: A Study of the Liabilities and Rights of Non-Employers, 37 Tex.L.Rev. 389 (1959), Comment: The Right of a Third Party to Contribution or Indemnity from a Louisiana Workmen's Compensation Employer, 38 Tulane L.Rev. 536 (1964), Note: Third Party's Right to Contribution and Indemnity under Workmen's Compensation in Tennessee, 13 Vand.L.Rev. 772 (1960), Note: Contribution and Indemnity: The Effect of Work-

land Contribution Among Joint Tort-feasors Act, R.I.G.L. §§ 10-6-2, 3, as amended, 1956, which states in pertinent part:

> The right of contribution exists among joint tortfeasors.

> (T)he term "joint tortfeasors" means two or more persons jointly or sever-ally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them.

The United States cites a host of cases which allegedly support the proposition that an employer who is liable to its employee for compensation benefits can-not, because of the exclusive liability section of the compensation laws and be-cause of the nature of the economic and social compromise which underlies the compensation scheme, be a person "joint-ly or severally liable in tort." Several of the cases cited by the defendant should be distinguished. First, all of the cases which concluded that the ex-clusive liability section of the compensa-tion laws, on its face and without more, bars contribution should be disregarded as irrelevant to this facet of the defend-ant's argument. E. g., Christie v. Pow-der Power Tool Corp., 124 F.Supp. 693 (D.D.C.1954); Rhoades v. United States, 216 F.Supp. 732 (S.D.Cal.1962); Busey v. Washington, 225 F.Supp. 416, 419–424 (D.D.C.1964); [12] Weyerhaeuser S.S. Co. v. United States, 294 F.2d 179

(9th Cir. 1961); Drake v. Treadwell Const. Co., 299 F.2d 789 (3rd Cir. 1962); Richardson v. United States, 336 F.2d 265, 266 n. 1 (dicta) (9th Cir. 1964); Hill Lines, Inc. v. Pittsburg Plate Glass Co., 222 F.2d 854 (10th Cir. 1955).[13] Second, all of the cases in-volving employees of the United States who are in military service should be dis-regarded since they are predicated on ex-press Federal Tort Claims Act exclusions and on the doctrine of Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). E. g., Maddux v. Cox, 382 F.2d 119 (8th Cir. 1967); Nikiforow v. Rittenhouse, 277 F.Supp. 608 (E.D.Pa.1967); Drumgoole v. Vir-ginia Electric & Power Co., 170 F.Supp. 824 (E.D.Va.1959).[14] Third, certain of the cases which rest on the law of the various states are considerably weakened because those states are governed not by legislation dealing with contribution and indemnity but rather by their own pe-culiar doctrines of contribution and in-demnity. E. g., United Air Lines, Inc. v. Wiener, 335 F.2d 379, 398–399 (9th Cir. 1964) (Nevada law); Wien Alaska Airlines, Inc. v. United States, 375 F.2d 736 (9th Cir. 1967) (Alaska law); Scar-brough v. Murrow Transfer Co., 277 F. Supp. 92 (E.D.Tenn.1967) (No negli-gence under Tenn. law); Peak Drilling Co. v. Halliburton Oil Well Cement Co., 215 F.2d 368 (10th Cir. 1954) (Okla-homa law). Defendant does, however, cite two cases which are entirely ap-posite to this case because they rest on

men's Compensation Acts, 42 Va.L.Rev. 959 (1956).

12. See notes 8 and 9, supra.

13. In any case, all of the cases which construed federal compensation law must be taken to have been overruled by Weyerhaeuser S. S. Co. v. United States, 372 U.S. 597, 83 S.Ct. 926, 10 L.Ed.2d 1 (1963), as this court indicated in the first part of this opinion. See note 7, supra, and accompanying text.

14. The decedent McFarland was an Army ROTC cadet, enrolled as a student at the

University of Rhode Island, who was being trained to fly at the time of his death. The United States has stipulated that, because the plaintiff was not on active duty at the time of his death, the serviceman's caselaw exclusion from claiming rights under the Federal Tort Claims Act, Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), is inapplicable as an independent basis for the defendant's motion for sum-mary judgment. Hence, this court does not consider whether Feres should be extended to Army ROTC cadets killed in the line of duty but not yet on active status.

their respective courts' constructions of the Uniform Contribution Among Joint Tortfeasors Act. Bertone v. Turco Products, Inc., 252 F.2d 726 (3rd Cir. 1958) (New Jersey law); Rowe v. John C. Motter Printing Press Co., 273 F. Supp. 363 (D.R.I.1967) (R.I. law) (opinion, Day, J.). The *Rowe* case, in particular, is important because it is a most recent construction of the same statutory law of Rhode Island which governs this case.

A closer examination of *Rowe* reveals the two-fold rationale on which the no-contribution rule rests. In that case, the plaintiff sought to recover damages for the death of her intestate whose death was caused, arguendo, by the concurrent negligence of his employer and the named defendant. The defendant as a third party complainant joined the employer, whose liability was controlled by the compensation law of Rhode Island, which is, in all respects here material, identical to the federal compensation laws. Judge Day treated the third-party defendant-employer's motion to strike as one for summary judgment and granted it. He reasoned explicitly that "(s)ince under the Rhode Island Workmen's Compensation Act the plaintiff as the personal representative of the * * (decedent) * * * has no right of action in tort for damages for his death against his former employer, it follows that * * * (the employer), is not a joint tortfeasor within the meaning of said Uniform Contribution Among Joint Tortfeasors Act against which contribution can be recovered under said Act." Implicitly, Judge Day accepted the theory that the *quid pro quo* of exclusivity of remedy extracted by employers in return for their submission to a scheme of liability regardless of fault would be destroyed by allowing third-party recovery over against an employer subject to the compensation scheme. No doubt, if open-ended contribution over against employers was permitted, the social and economic policies underlying the compensation scheme would be subverted. Indeed, such limitless contribution would probably compel a complete reconsideration of the actuarial basis of compensation insurance.[15] In so far as the plaintiff here seeks such an open-ended recovery, it must be denied.[16] However, the Pennsylvania rule which permits contribution over against employers to the extent of their compensation liability has much to commend it: (1) it preserves the economics of the compensation system; (2) it effectuates the policy of contribution which the passage of the uniform law suggests; (3) it harmonizes the compensation law with the law of contribution and (4) it protects the non-employer tortfeasor from the possible gross inequity of carrying the whole liability for wrongs caused in perhaps major part by the employer tortfeasor. Given the greater equity of the Pennsylvania rule, how is Judge Day's primary rationale concerning the construction of the statutory definition of joint tortfeasor to be avoided? The plaintiff, in this respect, hypothesizes "liable in tort" to mean "any person or persons who have negligently contributed to another's injury." Plaintiff's Supple-

15. As the court stated in Elston v. Industrial Lift Truck Co., 420 Pa. 97, 216 A.2d 318, 319 and n. 3 (1966):

Absent such a limitation on contribution, the employer could complain with considerable cogency that he has been compelled to contribute to a recovery by the employee beyond the amount that the latter would be entitled to under workmen's compensation. Thus, he would be exposed to a potentially larger liability in those circumstances in which a third-party tortfeasor was involved than where his own negligence was the sole cause of the injury. The limited liability feature of workmen's compensation would be subverted under such circumstance. See 2 Larson, Workmen's Compensation Law § 7610 (1961 ed.)

16. After a thorough search of the law, this court can find no case which goes so far.

mental Brief at p. 10, citing Zarrella v. Miller, 100 R.I. 545, 217 A.2d 673 (1966). Indeed, that is the very basis on which the Pennsylvania courts have treated this problem. As Justice Roberts of the Pennsylvania Supreme Court has so carefully stated, "(i)mplicit in these holdings is the view that the definition of 'joint tortfeasors' does not require that they have a common liability toward the injured party but only that their combined conduct be the cause of the injury." Elston v. Industrial Lift Truck Co., 420 Pa. 97, 216 A.2d 318, 320 n.3 (1966). Because of the prevailing equities in this case, and because the Rhode Island Supreme Court has not yet ruled on the narrow question before this court but has indicated a broad, equitable approach toward the Uniform Contribution Among Joint Tortfeasors Act, this court is led to adopt the minority Pennsylvania rule and to differ on the merits with the decision in Rowe v. John C. Motter Printing Press Co., 273 F.Supp. 363 (D.R.I.1967).[17] For these reasons, the court rejects the second basis for the United States' motion for summary judgment.[18]

The motion is denied in every respect and the plaintiff is hereby ordered to prepare an order accordingly.

Furthermore, it is the conclusion of this court that its order involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from its order may materially advance the ultimate termination of this litigation, within the meaning of 28 U.S. C. § 1292(b). See, e. g., United States v. Lee, 400 F.2d 558, 559 (9th Cir. Aug. 30, 1968).

17. While conflict between the two judges of a single district is not to be praised, because it invites the evil of judge-shopping, in cases of this sort it often cannot be avoided. Here, the conflict should perhaps most accurately be attributed to what Professor Larson has called "perhaps the most evenly-balanced controversy in all of compensation law." 2 Larson, Workmen's Compensation Law § 76.10 (1961 ed.)

18. The computation of damages will not be essayed at this time, but will await trial of this case.