305 A.2d 541.

GINA F. CACCHILLO *et al. vs.* H. LEACH MACHINERY COMPANY and EDWARD R. RUSNOK, *d/b/a Rusnok Tool Works vs.* UNIVERSAL OPTICAL COMPANY, INC.

JUNE 8, 1973.

PRESENT: Roberts, C. J., Paolino, Powers and Kelleher, JJ.

ROBERTS, C. J. This cause is before the court on the appeals of the defendants and third-party plaintiffs, H. Leach Machinery Company (Leach) and Edward R. Rusnok d/b/a Rusnok Tool Works (Rusnok) from the entry of summary judgments for the third-party defendant, Universal Optical Company, Inc. (Universal). Universal had moved to strike the third-party complaint of each of the defendants and third-party plaintiffs. The motion was granted, and summary judgments were entered.

It appears from the record that in 1969 plaintiff, Gina F. Cacchillo, a Universal employee, sustained injuries compensable under the Rhode Island Workmen's Compensation Act, G. L. 1956 (1969 Reenactment) chaps. 29 to 38 of title 28. Pursuant to a preliminary agreement entered into between plaintiff, Gina, and third-party defendant, compensation was paid pursuant to the provisions of that Act. Subsequently, Mrs. Cacchillo and her husband, Armando, instituted suit against Rusnok and Leach, respectively, the manufacturer and distributor of the machine on which she was working when she sustained her injuries. Both defendants impleaded Universal as a third-party defendant, asserting the right of contribution from the employer under the Contribution Among Joint Tort-feasors

Act, G. L. 1956 (1969 Reenactment) chap. 6 of title 10. Universal then moved to strike the third-party complaints, contending that under the provisions of §28-29-20 its liability to plaintiff was satisfied through the provisions of the Workmen's Compensation Act and it was, therefore, not liable for contribution under the joint tort-feasors statute. Universal's motion was granted, and summary judgment was entered in its favor on December 15, 1971.

The court is now confronted with the question whether a third-party tort-feasor, liable in damages for a workman's injuries or death, may recover contribution from the workman's employer whose negligence contributed to the injuries or death, despite the fact that the employer, the employee, and the particular injury and death are within the coverage of the Rhode Island Workmen's Compensation Act.

The claim by Rusnok and Leach for contribution was based upon §10-6-3, which establishes the right of contribution among joint tort-feasors. In *Hackett* v. *Hyson*, 72 R. I. 132, 48 A.2d 353 (1946), we noted that an important purpose of this statute is to establish a right of contribution among joint tort-feasors which did not exist at common law. However, even under the statute, liability must be common to warrant contribution. "This common liability may be either joint or several, but there can be no contribution unless the injured person has a right of action in tort against both the party seeking contribution and the party from whom contribution is sought. The right of contribution is a derivative right and not a new cause of action." *Rowe* v. *John C. Motter Printing Press Co.*, 273 F.Supp. 363, 365 (D.R.I. 1967), and cases cited therein.

The workmen's compensation statute establishes a scheme which insures a fixed rate of compensation to an injured employee without requiring any showing of employer negligence. Concomitantly §28-29-20 provides that this right

to compensation is in lieu of all rights and remedies now existing, either at common law or otherwise.[1] In *National India Rubber Co. v. Kilroe*, 54 R. I. 333, 336, 173 A. 86, 87 (1934), we explained that under our compensation statute, "[t]he employer is made liable for certain accidental injuries for which before he was not liable. The employee or his dependents receive compensation by a procedure which is designed to be simple and expeditious. Both employer and employee in accepting the act surrender some rights and receive certain benefits. In some cases the employee or his dependents may receive less compensation under the act than at common law, but, on the other hand, they may receive compensation to which at common law they would not be entitled."

We are now asked to determine whether the definition of a joint tort-feasor set out in §10-6-2[2] includes an employer such as Universal. While this court has never decided this precise issue, the clear weight of authority in other jurisdictions is that the Uniform Contribution Among Tort-feasors Act should not include an employer in these circumstances.

In *National India Rubber Co., supra*, we dealt with a situation involving death rather than injuries. However, our reasoning there has equal application to the present

---

[1]Section 28-29-20 reads as follows: "The right to compensation for an injury under chapters 29 to 38, inclusive, of this title, and the remedy therefor granted by said chapters, shall be in lieu of all rights and remedies as to such injury now existing, either at common law or otherwise; and such rights and remedies shall not accrue to employees entitled to compensation under said chapters while they are in effect." Section 28-29-21 imposes a similar limitation upon recovery for wrongful death.

[2]Section 10-6-2 reads in pertinent part as follows: "For the purposes of this chapter the term 'joint tortfeasors' means two (2) or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them * * *."

situation. We said there that the Legislature had clearly expressed its intent under the compensation act to exclude any common-law action against the employer. "[O]ne statutory remedy is substituted for another. The election of the remedy is made by the employee when he enters his employment and his election is binding on himself and his personal representatives." *Id.* at 336, 173 A. at 87. If the plaintiff has no right of action against Universal, then the employer is not a joint tort-feasor against whom contribution can be claimed as provided in §10-6-2. *See Rowe, supra* at 366.

The text writer Prosser has pointed out that one of the basic reasons underlying contribution is to prevent the imposition of total liability upon one party simply through the arbitrary, collusive, or fortuitous choice of defendants. Prosser, *Torts* §50 at 307 (4th ed. 1971). However, where one of the defendants is immune from suit, the choice of defendants for any of these reasons is impossible, and the primary basis for contribution no longer exists. The fact that an employer is allowed to avoid further liability may seem unfair to some, but the unfairness lies not in the law of contribution, but in the policy underlying the Workmen's Compensation Act, which provides strict liability and specialized benefits for all injuries to insured employees.

The defendants urge that our opinion in *Zarrella* v. *Miller*, 100 R. I. 545, 217 A.2d 673 (1966), mandates a contrary conclusion. The situation in *Zarrella* is clearly distinguishable. There we held a husband liable for contribution to a joint tort-feasor despite the common-law interspousal immunity. That immunity is based upon the desire to preserve matrimonial harmony and avoid the discord and collusion which could arise in a suit between husband and wife. That policy is not seriously jeopardized if the defendant is allowed to implead the husband as a third-party defendant when suit has been instituted by the wife. In fact, the ba-

sic policy underlying contribution is advanced in such situations where the arbitrary selection of a plaintiff is very likely to occur.

A similar problem, however, does not arise where the employer is immune. As we have stated above, the policy of the workmen's compensation statute is a salutary one, designed to insure immunity from suit in exchange for a no-fault compensation program. To abridge that immunity would tend to defeat the purpose for which our workmen's compensation program was enacted.

Finally, the defendants urge the adoption of the Pennsylvania approach to the problem. We cannot agree that the Pennsylvania rule on liability of an employer under the joint tort-feasors act in that state differs from the conclusion we have reached in the instant case. As the Pennsylvania court said in *John W. Brown, Jr., Equipment Rental Corp.* v. *Dickey*, 397 Pa. 454, 461, 155 A.2d 836, 840 (1959), "There is no common liability based in tort, for the employer is simply not liable in tort." While there is in that case some reference to the equitable origin of that state's joint tort-feasor legislation, it is mere dicta and does not, in our opinion, vary the law of that state.

The appeals of the defendants and third-party plaintiffs are denied and dismissed, the judgments appealed from are affirmed, and the cause is remanded to the Superior Court for further proceedings.

Mr. Justice Powers participated in the decision but retired prior to its announcement. Mr. Justice Joslin and Mr. Justice Doris did not participate.

*McOsker & Isserlis, Paul A. Lietar,* for plaintiffs.

*Jordan, Hanson & Curran, William A. Curran,* for H. Leach Machinery Company, defendant and third-party plaintiff.

*Higgins, Cavanagh & Cooney, Gerald C. DeMaria,* for Edward R. Rusnok, d/b/a Rusnok Tool Works, defendant and third-party plaintiff.

*Worrell and Hodge, Lee A. Worrell,* for Universal Optical Company, Inc., third-party defendant.