**Joyce IORIO**

v.

**Diane CHIN et al.**

**No. 79–516–Appeal.**

Supreme Court of Rhode Island.

June 8, 1982.

John F. McBurney, Pawtucket, for plaintiff.

Louis M. Cioci, Johnston, for Diane Chin and Wallace Chin.

Higgins, Cavanagh & Cooney, John C. Peterson, Providence, for third-party defendant.

## OPINION

WEISBERGER, Justice.

This matter is before us on appeal from a judgment dismissing a third-party complaint against Cranston Animal Hospital, Inc. (Cranston Animal). The third-party

plaintiffs allege that Rule 14 of the Superior Court Rules of Civil Procedure grants a defendant the right to implead any person who may be directly liable to the plaintiff. They also argue that the Workers' Compensation Act does not bar the impleading of an employer who is immune from suit brought by the plaintiff-employee. We disagree.

The pleadings and the briefs of the parties on appeal indicate the following facts. The plaintiff, Joyce Iorio, was a veterinary assistant employed by the third-party defendant, Cranston Animal. The defendants and third-party plaintiffs, Diane and Wallace Chin, were the owners of a German shepherd dog that was brought by Mrs. Chin to be treated at Cranston Animal. While Iorio, who had been employed by Cranston Animal for only two weeks, was conducting a preliminary examination of the dog, it bit her in the face and head area. Iorio filed a workers' compensation petition naming Cranston Animal as respondent and seeking compensation for the injuries she sustained as a result of the incident. The chairman of the Workers' Compensation Commission found in her favor and ordered Cranston Animal to pay certain benefits to Iorio. She also commenced the instant action against the Chins alleging negligent failure to warn that the dog was attack-trained and vicious. The Chins sought to implead Cranston Animal solely on the basis of its alleged direct liability to plaintiff.[1] Cranston Animal filed motions to strike the third-party complaint, for judgment on the pleadings, and for summary judgment. The trial justice entered a judgment granting all three motions, dismissing the third-party complaint on the merits, and allowing Cranston Animal to recover its costs. The plaintiff's assertions of error lack legal merit and, therefore, we dismiss the appeal.

Rule 14 permits a defendant to implead a person who "is or may be liable *to him* for all or part of the plaintiff's claim against him." (Emphasis added.) Super.R. Civ.P. 14(a). This rule is based on and is substantially the same as Rule 14 of the Federal Rules of Civil Procedure. *Laliberte v. Providence Redevelopment Agency*, 109 R.I. 565, 567–68, 288 A.2d 502, 504 (1972). Originally Fed.R.Civ.P. 14 allowed a defendant to implead a third party who was directly liable to plaintiff. 3 *Moore's Federal Practice* ¶¶ 14.01[1]–14.01[1.–1] at 14–6 to 14–8 (2d ed. 1982); 6 Wright & Miller, *Federal Practice and Procedure*: Civil § 1441 at 200–01 (1971). At the time we adopted Rule 14, however, the federal rule permitted impleader only against a party "who is or may be liable to the defendant." Fed.R.Civ.P. 14. Since our rule was modeled after the federal rule, the construction of the federal courts furnishes a controlling guide to the construction of Super.R.Civ.P. 14 unless there is a "strong reason" to reject such construction. *Laliberte v. Providence Redevelopment Agency*, 109 R.I. at 575, 288 A.2d at 508. The federal courts have consistently held, in other than admiralty cases,[2] that a defendant may implead a third party only if that party is liable to defendant. *See National Mutual Insurance Co. v. Liberty Mutual Insurance Co.*, 196 F.2d 597, 598 (D.C.Cir.), *cert. denied*, 344 U.S. 819, 73 S.Ct. 15, 97 L.Ed. 638 (1952); *Index Fund, Inc. v. Hagopian*, 417 F.Supp. 738, 744 (S.D.N.Y.1976); *Murray v. Reliance Insurance Co.*, 60 F.R.D. 390, 391 (D.Minn. 1973); 3 *Moore's Federal Practice, supra*, ¶ 14.15 at 14–79 to 14–81; 6 Wright and Miller, *supra*, § 1446 at 258–59.

The Chins assert that the federal rules discontinued third-party suits based solely

---

1. Paragraph 4 of the Chins' third-party complaint alleges that "if Plaintiff should prevail in her claim for damages, Third Party Defendant * * * will be liable to them for all damages * * *." Even if this allegation could be construed as setting forth a claim that Cranston Animal was liable to the Chins for contribution, defendants consistently have denied that the employer was a joint tortfeasor.

2. In 1966 Rule 14(c) was added to the federal rules. This section allows a defendant in an admiralty or maritime claim to implead a party who is or may be liable only to plaintiff. Fed. R.Civ.P. 14(c); 3 *Moore's Federal Practice* ¶ 14.01[10] at 14–15 to 14–16 (2d ed. 1982); 6 Wright & Miller, *Federal Practice and Procedure: Civil* § 1441 at 201–02 (1971).

on direct liability to plaintiff in order to eliminate artificially created jurisdictional problems. They propose that since state courts are not concerned with diversity of citizenship, there is no reason to follow the lead of the federal courts in barring plaintiff-based third-party actions. Moreover, they argue, the purpose of impleader, to avoid a multiplicity of suits, compels this court to allow these actions.

■ Their analysis, however, overlooks three points. The first is that the jurisdictional problem was not the sole reason why the drafters of the federal rules abandoned third-party practice based on a plaintiff's claim. "This provision was deleted because an unwilling plaintiff could not be required to amend his complaint to state a claim directly against a third party so that on many occasions impleader amounted to an offer of a new party to the original plaintiff that could prove to be futile and time consuming if he rejected the tender." 6 Wright and Miller, *supra*, § 1446 at 258; *see* 3 *Moore's Federal Practice, supra*, ¶ 14.15 at 14–80 to 14–81. The second point is that the language of Rule 14 is unambiguous. There is nothing to be construed. A defendant may file a third-party complaint only if the third-party defendant is or may be liable to the original defendant. A defendant may not file such a complaint based solely on a third-party defendant's liability to the original plaintiff. The final point is that an employee who accepts workers' compensation benefits for a work-related injury forfeits all other rights to relief including a common-law tort action. *Mustapha v. Liberty Mutual Insurance Co.*, 268 F.Supp. 890, 892–93 (D.R.I.1967); *Cacchillo v. H. Leach Machinery Co.*, 111 R.I. 593, 596–97, 305 A.2d 541, 543 (1973); *National India Rubber Co. v. Kilroe*, 54 R.I. 333, 335–36, 173 A. 86, 87 (1934). The instant plaintiff, having received benefits under the Workers' Compensation Act, has no common-law rights against her employer. Consequently, there is no plaintiff-based claim for defendants to assert even if we were to allow impleader based solely on a plaintiff's claim.

The defendants' second argument on appeal is similarly circuitous. They attempt to distinguish the facts in this case from the facts in *Cacchillo v. H. Leach Machinery Co.*, 111 R.I. 593, 305 A.2d 541 (1973). In *Cacchillo* we held that a tortfeasor cannot obtain contribution from an employer who is immune from a tort action by reason of the Workers' Compensation Act. The defendants claim that because they are not seeking contribution but are instead relying on the employee's direct claim, *Cacchillo* does not apply. Since no such direct claim exists, this argument is totally without merit, even if the specific limitation of Rule 14 did not preclude the assertion of a plaintiff-based cause of action by defendants. As we have previously pointed out, defendants cannot assert this type of claim under Rule 14.

The defendants further argue that they should be allowed to bring in the party who is wholly liable for the negligence wrongfully attributed to them. Apparently, defendants would have the employer defend at trial as if the election-of-remedies section of the Workers' Compensation Act did not exist. *See* G.L. 1956 (1979 Reenactment) § 28–29–20. If the jury were to find the employer totally liable, then defendants would have the judge direct a verdict in favor of defendants and third-party defendant. The defendants argue that this procedure is necessary in order that there be a "clear and unequivocal determination of the factual issues" and in order to avoid the expense involved in bringing nonparties before the court.

We find the defendants' suggestion to be a totally unnecessary distortion of the rules of civil procedure. The rules provide parties with ample means to bring all facts before the court. Parties may subpoena nonparties in both the discovery and trial phases of litigation. Super.R.Civ.P. 45. Moreover, allowing the defendants to maintain their action against Cranston Animal would impose the substantial expense of defending at trial upon a party who is immune from tort liability. Regardless of the financial savings to the defendants, this

procedural innovation is manifestly inappropriate.

For the reasons stated, the defendants' appeal is denied and dismissed, the judgment below is affirmed, and the papers in the case are remanded to the superior court.