[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on the defendant/third party plaintiff's (Rosa Dos Santos) motion to strike the affirmative defenses of the third party defendants (John W. Mortimer and John W. Mortimer, Jr.).
This lawsuit resulted from an automobile accident on June 14, 1981, in Pawtucket, Rhode Island. On June 14, a car driven by Rosa Dos Santos struck an automobile being operated by John W. Mortimer, Jr. and owned by John W. Mortimer. Joan Mortimer and Glenn Mortimer were passengers in the Mortimer car. The plaintiffs filed a complaint on August 15, 1984, three months after the statute of limitations had expired. A motion for summary judgment was filed by the defendant on July 3, 1985. The plaintiffs filed an objection thereafter with supporting affidavits on July 13, 1985. The basis for the summary judgment was that the plaintiffs' complaint was barred by the statute of limitations. The motion for summary judgment was denied without prejudice on August 7, 1985. The plaintiffs' complaint against the defendant, Rosa Dos Santos, was dismissed with prejudice with no costs to either party on April 20, 1988.
On August 28, 1985, Rosa Dos Santos filed a third-party complaint against John W. Mortimer and John W. Mortimer, Jr. John W. Mortimer owned the Mortimer vehicle at the time of the collision while John W. Mortimer, Jr. was the operator. In this complaint, Rosa Dos Santos seeks contribution from both third-party defendants pursuant to the Rhode Island Joint Tortfeasors Act. The third-party defendants filed an amended answer to the third-party complaint and asserted three affirmative defenses. The three affirmative defenses are: (1) that the defendants' third-party complaint is barred by the applicable statute of limitation; (2) R.I. GEN. LAWS § 10-6-4
(1985) bars the third party complaint; (3) and Iorio v. Chin,446 A.2d 1021 (R.I. 1982), bars the third-party complaint. The defendant/third-party plaintiff filed a motion to strike the affirmative defenses raised by the third-party defendants. This motion was denied without prejudice on April 5, 1991, and the matter assigned for trial. Before trial, the attorneys requested the opportunity to be heard on the motion to strike believing a decision on said motion would be dispositive.
The third-party defendants state that the claims of the three adult Mortimers against Rosa Dos Santos are barred due to their failure to file their complaint against her within the three year statute of limitations. The third party defendants assert that the complaint was not dismissed because of the actions of the adjuster from Home Insurance Company. According to the third-party defendants, only the Home Insurance Company had any liability to the three adult Mortimers and not Rosa Dos Santos.
Additionally, the third-party defendants assert that under R.I. GEN. LAWS § 10-6-4 (1985), a third-party plaintiff is entitled to proceed only against the other owner/operator for contribution after she had by payment discharged the common liability or paid more than her pro rata share. Finally, the third-party defendants state that Rosa Dos Santos made an election to settle the claims in October, 1986, and after payment of the four claims, did not file an action for contribution or indemnification within one year as required by § 10-6-4.
Joint tortfeasors are defined as two or more persons jointly or severally liable in tort for the same injury to a person whether or not judgment has been recovered against that person. R.I. GEN. LAWS § 10-6-2 (1985). An example of joint tortfeasors are the owners and operations of two automobiles involved in a collision. The owners and operator of vehicles involved in an accident are still joint tortfeasors even when the injured party has failed to file a lawsuit against one of the other joint tortfeasors. In the case at bar, the plaintiffs failed to initiate a cause of action against the defendant or the third-party plaintiff until the statute of limitations had expired. Even when a lawsuit was filed, only the defendant/third-party plaintiff was named as a party and not the third party defendants. At the time the automobile accident occurred, the plaintiffs had a cause of action against the defendant/third-party plaintiff and the third-party defendants. Thus, they are joint tortfeasors. The Contribution Among Joint Tortfeasors Act gave the defendant/third-party plaintiff a cause of action against the third-party defendants. Therefore, the court finds that the applicable statute of limitations in the case at bar to be R.I. GEN. LAWS § 10-6-4 (1985).
The third-party defendants have incorrectly stated in their first affirmative defense that the case at bar is governed by the three year statute of limitations for personal injuries defined in R.I. GEN. LAWS § 9-1-14 (1985). The lawsuit seeking damages for personal injuries was dismissed with prejudice by this court on April 20, 1988. The defendant/third party plaintiff filed his complaint seeking contribution and indemnification on August 28, 1985. This is almost three years prior to the settlement of the common liability between the parties on April 20, 1988. It is impossible for the defendant/third-party plaintiff's complaint to be time barred by § 10-6-4. Therefore, this court strikes the third-party defendants' first and second affirmative defenses.
The third-party defendants raise Iorio v. Chin,446 A.2d 1021 (R.I. 1982) as their third affirmative defense. The court inIorio held that a defendant may file a third-party complaint if the third-party defendant is or may be liable to the original defendant. Further, the court also wrote that a defendant is precluded from filing a third-party complaint when the complaint is based solely on the third-party defendant's liability to the original plaintiff. Id. In Iorio, a veterinary assistant brought a cause of action against the owners of a dog seeking to recover for injuries received when the dog bit her. Id. at 1021-1022. The defendants attempted to implead the plaintiff's employer. The court precluded the third-party complaint because the plaintiff, who had already received worker's compensation benefits, did not have any common law rights against her employer. Therefore, there was not a plaintiff-based claim for the defendants to assert. Id. at 1023.
This court finds that the third-party defendants' use ofIorio is inappropriate. Contrary to the third-party defendants' assertions, Iorio permits the defendant/third-party plaintiff to file her complaint because the third-party defendant may be liable to the original defendant. This is demonstrated when the original defendant's summary judgment was denied on August 7, 1985. Therefore, this court finds that the third-party defendants' third affirmative defense is invalid.
Based on the above, all three of the third-party defendants' affirmative defenses are invalid and are striken by the court. This case shall proceed to trial. Counsel shall prepare an appropriate order to reflect the above.