## NEWPORT COUNTY.

### MATTHEW KELLY *vs.* JAMES ALDERSON.

Under Pub. Laws R. I. cap. 749, of April 26, 1889, which provides that if any person shall be injured by a dog on a highway, the owner or keeper of the dog shall be liable "for all damages sustained," and that "it shall not be necessary in order to sustain an action to prove that the owner or keeper knew that such dog was accustomed to do such damage," the owner or keeper of the dog is liable for the damage done from the mere fact that the dog is on the highway, and without reference to his knowledge of the viciousness of the dog.

Hence, in an action for damages suffered from the bite of a dog on a public highway, evidence that the dog was peaceable, and had not been known to attack any person except the plaintiff, is not admissible either as a defence to the action or in mitigation of damages.

If in his charge to the jury the judge states that the defendant would be liable on a state of facts of which there is no evidence, and afterwards, on his attention being called to the matter, tells the jury that there is no evidence of such facts, and instructs them to disregard that part of his charge, there is no error, and it affords no ground for a new trial.

DEFENDANT'S petition for a new trial.

*July* 11, 1896. STINESS, J. This is an action for damages from a bite by the defendant's dog. The injury took place while the plaintiff was walking on a public highway in Jamestown, in the evening of August 30, 1895.

By Pub. Laws R. I. cap. 749, of April 26, 1889,[1] it was provided that the owner or keeper of a dog should be liable to the person injured for the damages sustained, and that it should not be necessary, in order to sustain an action, "to prove that the owner or keeper knew that such dog was ac-

---

[1] As follows:

SECTION 1. If any dog shall have killed or assisted in killing, wounding or worrying any sheep, lamb, swine, cattle, or other domestic animal, or that shall assault or bite, or otherwise injure any person while traveling the highway or out of the enclosure of the owner or keeper of such dog, such owner or keeper shall be liable to the owner of such property or person injured for all damages sustained, to be recovered in an action of trespass, or on the case, and it shall not be necessary in order to sustain an action to prove that the owner or keeper knew that such dog was accustomed to do such damage or mischief. See Gen. Laws R. I. cap. 111, § 3.

customed to do such damage." At the trial before the jury, the defendant offered testimony to show that the plaintiff had previously stoned the dog; that the dog was peaceable, and had not been known to attack any person, except the plaintiff, and it is alleged that such testimony was excluded and that exception was taken.

The evident purpose of the statute is to give a remedy to a person who is bitten by a dog upon a highway, without reference to the defendant's knowledge of the viciousness of the dog. In other words, if the dog gets upon the highway the owner is liable for whatever damage he may do. It is the risk which he takes from the fact that the dog is on the highway. The statute plainly extends the liability of an owner beyond his liability at common law, which was only for habits of which he had reason to know. Testimony, therefore, that the dog had not been known to bite before was no defence to the action, and was not admissible upon this ground. It is argued that no new liability is imposed by the statute, but only a rule of evidence which excuses the plaintiff from proving the *scienta*. But if the defendant can set up in defence the fact that he did not know of the bad habits of the dog, the plaintiff must meet the testimony in rebuttal by proving that he did, which is the very thing that the statute says he need not do. The provision is not that he need not prove the fact *in the first instance*. He need not prove it at all. Clearly, then, testimony relating to the *scienta* is not admissible as a defence. This is the opinion, under laws of the same purport, in *Woolf* v. *Chalker*, 31 Conn. 121; *Pressey* v. *Wirth*, 3 Allen, 191; and *Galvin* v. *Parker*, 154 Mass. 346.

As to the fact that the plaintiff had previously stoned the dog, the record shows that it fully appeared in cross-examination of the plaintiff. He said that the dog chased him in May and that he threw stones to keep him away. There is therefore no need to consider this exception.

It is further argued that testimony as to the character of the dog was admissible to show that it was improbable that the dog would have attacked the plaintiff without being first

assaulted by the plaintiff himself. This would set up the character of the dog against the plaintiff's oath. We think that the inference of probability is too remote and inconclusive. Dogs have often bitten persons when they have not been known to bite before, and the statute takes account of this fact by giving a remedy in such a case, if it be upon a highway.

The only remaining question upon this point is whether the testimony offered was admissible in mitigation of damages. We think not. In *Woolf* v. *Chalker*, *supra*, it is stated in the head note to be admissible for this purpose ; but this statement is not warranted by the opinion of the court, which has no reference to damages whatever. Our statute gives an action "for all damages sustained." This clearly means compensatory damages only, and these could not have been lessened by the testimony offered. Upon all grounds the testimony was rightly excluded.

An exception is taken to the charge to the jury that if a man should tread upon a dog in the highway and the dog should bite, the action would lie, under the statute. While it may be doubted whether it was the intent of the statute to give an action for a bite which was the result of a willful provocation by a plaintiff, it is a question which does not arise in this case. There was no evidence of this kind, and the judge so stated to the jury when his attention was called to it, and told them to disregard that part of the charge. It was not a statement that could prejudice the defendant in any way, and as it was finally left there was no error.

The exceptions are overruled, and the petition for a new trial denied.

*Patrick J Galvin*, for plaintiff.

*Charles Acton Ives*, for defendant.