### JOHN T. OLDHAM *vs.* CATHERINE HUSSEY.

PROVIDENCE—NOVEMBER 10, 1905.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Damage by Dogs.*

Gen. Laws cap. 111, § 5, "Every person keeping or harboring in his house or on his lands any dog, or knowingly suffering the same to be done by any other person, shall be liable for all damages done by said dog in the same manner as if he were the owner thereof," imposes upon the keeper or harborer of a dog the same liability imposed by said chapter upon the owner, without further defining that liability, and does not impose a liability for acts of the dog committed within the enclosure of the owner or keeper of such dog beyond his common-law liability, that is, except upon proof of knowledge of a vicious propensity.

TRESPASS under Gen. Laws cap. 111, § 5. Heard on petition of defendant for new trial, and granted.

PER CURIAM. The defendant's first, fifth, and sixth requests to charge were as follows:

"1. The court is requested to instruct the jury that the words of section 5 of chapter 111 of the General Laws, making persons keeping or harboring dogs liable in the same manner as the owners of, is to be construed as referring to section 3 of said chapter 111, and that such person keeping or harboring a dog that does damage is only liable under our statutes when the injury or damage is done outside of the premises or enclosure of such person; and, further, that if the injury complained of was done in this case within the enclosure of the defendant, the plaintiff can not recover unless the jury is satisfied that the defendant had knowledge, or reasonable grounds to believe, that the dog was vicious or liable to bite."

"V. The court is requested to charge the jury that if the defendant had no ground to apprehend that her dog would bite a person peacefully approaching or stepping out of the door of her home, within her enclosure, then the verdict must be for the defendant."

"VI. The court is requested to instruct the jury that the gravamen and essence of this case is that the defendant knowingly kept a vicious dog, and if they are not satisfied that the defendant had such knowledge the verdict must be for the defendant."

Sections 3 and 5 of chapter 111, referred to in the first request, are as follows:

"SEC. 3. If any dog shall kill, wound or worry, or assist in killing, wounding or worrying, any sheep, lamb, cattle, horse, hog, swine, fowl, or other domestic animal, belonging to or in the possession of any person, or shall assault or bite, or otherwise injure, any person while traveling the highway or out of the enclosure of the owner or keeper of such dog, the owner or keeper of such dog shall be liable to the person aggrieved as aforesaid, for all damage sustained, to be recovered in an action of trespass on the case, or in an action of trespass, with costs of suit; and if afterwards any such damage be done by such dog as aforesaid, the owner or keeper of such dog shall pay to the party aggrieved double the damage, to be recovered in manner as aforesaid; and an order shall be made by the court before whom such second recovery shall be had, for killing such dog, which order shall be executed by the officer who shall be charged with the execution thereof; and it shall not be necessary, in order to sustain any such action, to prove that the owner or keeper of such dog knew that such dog was accustomed to do such damage."

"SEC. 5. Every person keeping or harboring in his house or on his lands any dog, or knowingly suffering the same to be done by any other person, shall be liable for all damages done by said dog in the same manner as if he were the owner thereof."

These requests the court refused to grant and the defendant's exceptions thereto must be sustained. The error of the trial justice seems to have been based upon his construction of

section 5, chapter 111, *supra*, which he instructed the jury imposed liability irrespective of such knowledge, as follows: "Our law says, gentlemen, that any party owning a dog, . . . . 'Every person keeping or harboring in his house or on his lands any dog,' then it goes on to say 'or knowingly suffering the same to be done by any other person, shall be liable for all damages done by said dog in the same manner as if he were the owner thereof.' So it does not make any difference. If he keeps a dog, harbors it, or permits some other person to do it on his premises, he is responsible for whatever damage the dog commits."

In *Kelly* v. *Alderson*, 19 R. I. p. 545, the court says: "The evident purpose of the statute is to give a remedy to a person who is bitten by a dog upon a highway, without reference to the defendant's knowledge of the viciousness of the dog. In other words, if the dog gets upon the highway the owner is liable for whatever damage he may do. It is the risk which he takes from the fact that the dog is on the highway. The statute plainly extends the liability of an owner beyond his liability at common law, which was only for habits of which he had reason to know." And see also *Peck* v. *Williams*, 24 R. I. 583.

This section of the statute imposes upon the keeper or harborer of a dog the same liability as theretofore imposed upon the owner, without, however, further defining that liability, and does not impose a liability for acts of the dog committed within the enclosure of the owner or keeper of such dog beyond his common-law liability, that is to say except upon proof of knowledge of a vicious propensity.

Petition for new trial granted, and case remitted to Superior Court for further proceedings.

*Lellan J. Tuck*, for plaintiff.

*Hugh J. Carroll and Thomas F. Vance*, for defendant.