Elizabeth **LINDSAY**

v.

Thomas H. **CROHAN** et al.

No. 83–518–Appeal.

Supreme Court of Rhode Island.

May 9, 1986.

Pamela St. John, Orlandi, Andreoni, Orlando & Andreoni, Providence, for plaintiff.

Guy J. Wells, Gunning, LaFazia & Gnys, Inc., Providence, for defendants.

## OPINION

KELLEHER, Justice.

This is a dog-bite case in which it appears that the plaintiff's attorneys have been barking up or at the wrong trees since the plaintiff was bitten on February 21, 1978. At that time she was employed by the Cranston Inn, Inc., as the executive housekeeper at a facility called the Cranston Hilton Inn situated in the city of Cranston on Narragansett Boulevard and occupied an apartment in a residence located at 7 Pierce Place and leased by her employer from the Loretta Realty Corporation. Pierce Place appears to be a fourteen-foot right-of-way that separates the apartment-house premises and other nearby residences from the Cranston Hilton Inn's facilities. The right-of-way begins on the easterly side of Narragansett Boulevard and runs easterly for approximately 7,000 feet. Other occupants of the apartment house were apparently key personnel who were involved in the Cranston Hilton Inn's day-to-day operation.

One such individual was Thomas H. Crohan (Crohan), who resided in an apartment at 7 Pierce Place along with his wife and a Great Dane that weighed in excess of 100 pounds. Crohan was responsible for the maintenance of the Cranston Hilton Inn's facilities, and apparently part of his duties included the security in the parking-lot areas.

Hereafter we shall refer to plaintiff as Elizabeth, her employer as the Inn, the owner of the apartment house as Loretta Realty, and the owner of the Great Dane as Crohan.

At approximately 4:30 p.m. on the day in question—her chores done—Elizabeth left the Inn by the back exit. As she walked toward her apartment, Crohan's dog "sprang onto a snow bank and with teeth bared" headed toward Elizabeth. When Elizabeth lifted her left arm to protect herself, the dog bit her twice. Elizabeth screamed for help, and Crohan's wife came to the rescue, pulling the dog away from the scene. Elizabeth received treatment at the emergency room of the Cranston General Hospital and thereafter came under the care of a variety of medical personnel.

In due course, Elizabeth filed a petition for compensation benefits, and in July 1981 a petition for payment of a lump-sum commutation was approved by the Workers' Compensation Commission. The amount of the commutation was $6,000.

Another factor deserving attention is a lease that was executed in October 1970 between Loretta Realty and the Inn. The lease contained an indemnification clause whereby the Inn agreed to hold Loretta Realty harmless and indemnify it for any losses arising from claims of third persons because of any negligent acts occurring on or about the premises during the term of the lease.

■ Elizabeth's complaint about the disposition of her claim against the Inn is controlled by the well-established principle that holds that in situations in which an employee accepts workers' compensation benefits for a work-related injury, he or she forfeits all other rights to relief, including a common-law tort action. *Greco v. Farago*, 477 A.2d 98 (R.I.1984); *Iorio v. Chin*, 446 A.2d 1021 (R.I.1982); *Cacchillo v. H. Leach Machinery Co.*, 111 R.I. 593, 305 A.2d 541 (1973); *National India Rubber Co. v. Kilroe*, 54 R.I. 333, 173 A. 86 (1934). Here, it is undisputed that Elizabeth, as a result of her injury, has received from the Inn's insurer compensation benefits, including the $6,000 lump-sum settlement. Consequently, she cannot prevail here on her claim against the Inn.

■ As we consider Elizabeth's claim against Loretta Realty, we are reminded that at common law recovery of damages because of a dog bite was based on the presentation of proof that the dog's owner

had such knowledge of his canine's previous acts and character as would reasonably suggest to him the danger of permitting the animal to remain at large. *Malafronte v. Miloni*, 35 R.I. 225, 86 A. 146 (1913). In *Bernhart v. Nine*, 120 R.I. 692, 694–95, 391 A.2d 75, 76–77 (1978), this court noted that the Legislature enacted in 1889 a dog-bite statute that made the dog's owner or keeper absolutely liable without proof of prior knowledge of the dog's dangerous propensities upon a showing that either the person was injured while traveling along the highway or the injury occurred outside the boundaries of the dog owner's property. The 1889 statute is presently embodied in G.L.1956 (1976 Reenactment) § 4–13–16.

Here, Elizabeth, in seeking recovery from Loretta Realty, relies upon the provisions of § 4–13–17. This statute, which was also enacted before the turn of the century, imposes the same liability upon the harborer or keeper of the dog as is imposed on the owner by the terms of § 4–13–16. Specifically, Elizabeth relies upon a portion of § 4–13–17 that imposes liability upon any other person who "knowingly" allows another to harbor or keep a dog on his premises.

As noted earlier, the motion for summary judgment was submitted to the trial justice on an agreed statement of facts. Such statement contains a concession that Loretta Realty at the time of Elizabeth's encounter with the Great Dane was a landlord out of possession of the leased premises during the entire time the lease was in effect. There is nothing in the statement of facts that would support an inference that Loretta Realty knew that Crohan's Great Dane was residing at 7 Pierce Place. The absence of any evidence supporting an affirmative inference about Loretta Realty's knowledge of the dog's presence requires a rejection of Elizabeth's claim against the Inn's lessor.

Elizabeth's appeal is denied and dismissed, and the judgment appealed from is affirmed.

WEISBERGER, J., did not participate.