Mary BROWN

v.

STATE of Rhode Island.

Kevin BROWN

v.

STATE of Rhode Island.

85–124–Appeal.

Supreme Court of Rhode Island.

July 30, 1986.

David W. Dugan, Adler Pollack & Sheehan, Providence, for plaintiffs.

Arlene Violet, Atty. Gen., Heidi Allen, Annie Goldberg, Sp. Asst. Attys. Gen., for defendant.

OPINION

KELLEHER, Justice.

The plaintiffs, Mary Brown and Kevin Brown, are before us on a consolidated appeal from the dismissal by a Superior Court trial justice of their respective petitions seeking compensation benefits from the Violent Crimes Indemnity Fund pursuant to the pertinent provisions of G.L.1956 (1981 Reenactment) chapter 25 of title 12 (1985 Cum.Supp.), the Criminal Injuries Compensation Act of 1972.

The plaintiffs were injured in February 1983 when they were assaulted in separate incidents by inmates at the Adult Correctional Institutions where plaintiffs were employed as correctional officers. They have received workers' compensation benefits and supplementary funds pursuant to the terms of their employment contract for a period of twenty-six weeks.

■ The trial justice was of the belief that plaintiffs were not victims as that term is employed in chapter 25 of title 12. According to the trial justice, the victim is an individual who is an involuntary participant in a criminal act or totally unaware that he or she is a potential participant in a crime. In other words, victims, in the trial justice's eyes, were those who were not there by choice or with knowledge of the risk they were incurring. We agree.

Initially, we would again emphasize that in instances where an employee accepts workers' compensation benefits for a job-related injury, he or she forfeits all rights to relief against the employer, including redress through a common-law tort action. *Lindsay v. Crohan,* 508 A.2d 674 (R.I. 1986); *Greco v. Farago,* 477 A.2d 98 (R.I. 1984); *Iorio v. Chin,* 446 A.2d 1021 (R.I. 1982); *Cacchillo v. H. Leach Machinery Co.,* 111 R.I. 593, 305 A.2d 541 (1973).

■ Workers' compensation to one side, we have no doubt that when the General Assembly enacted the 1976 legislation and referred to "victims," it never intended to equate that term with individuals whose occupations are such that violence is an occupational hazard which may erupt to the employees' disadvantage at any given moment. Among such individuals are police officers and correctional officers.

We subscribe to the sentiments expressed in the concurring opinion of Justice Casey in *New York State Department of Audit and Control v. Crime Victims Compensation Board,* 76 A.D.2d 405, 407–08, 431 N.Y.S.2d 602, 604 (1980), where, in speaking of police officers, he observed:

"The presence of an officer at the scene of a crime and his involvement therein flow from the performance of his duty, rather than from his role as a victim. In such circumstances, he is not 'the victim' of the crime, nor a 'bystander,' nor a 'passerby' who is injured during its commission. His presence at the scene has a purpose which the performance of his duty compels. When injured in the performance of such duty, he is not within the class of 'victims' whom the Legislature sought to protect by the enactment."

Here plaintiffs are neither victims, bystanders, nor passersby. Their presence at the Adult Correctional Institutions on the occasions in question was required so that they could properly discharge their duties as correctional officers. Having been injured in the performance of their duty, they do not fall within the group of victims envisioned by the Legislature in 1972.

The plaintiffs' appeals[1] are denied and dismissed, and the orders appealed from are affirmed.

MURRAY, J., did not participate.

---

1. These appeals were on the July 17, 1986 show-cause calendar. However, the court was of the opinion that because the issue raised would be of interest to the bar, it deserves a full opinion.