[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case is before the Court on Plaintiff's claim for personal injuries received while in the performance of his duties as a security guard assigned to Mount Pleasant High School. He brings his action pursuant to the Criminal Injuries Compensation Act, R.I.G.L. 12-25-1 et seq. hereinafter referred to as The Act.
The facts are undisputed. The Plaintiff was an employee for AAA Security. On January 3, 1989 the Plaintiff was told to investigate a traffic problem in the driveway in front of Mount Pleasant High School. While attempting to correct the situation, he was stabbed in the groin by an unidentified assailant. As a result of the assault, the Plaintiff was hospitalized and incurred medical expenses and missed three weeks of work.
The seriousness of the injury and the expenses incurred are not in dispute. Rather, the sole issue is whether the Plaintiff serving in his capacity as a security guard is a victim within the meaning of the Criminal Injuries Compensation Act. In fact, the State has moved to dismiss the Plaintiff's action claiming that he is not a victim as contemplated by The Act.
The Rhode Island Supreme Court in Brown v. State of RhodeIsland, 512 A.2d 875 (R.I. 1986), defined a victim as "an individual who is an involuntary participant in a criminal act or totally unaware that he or she is a potential participant in a crime." In Brown, the Supreme Court concluded that plaintiffs, correctional officers at the Adult Correctional Institution were not victims within the meaning of The Act.
In the instant case, Plaintiff contends that he was an unarmed security guard in a custodial position who had no expectation of violent injury. Further, he contends that his custodial position required only that he notify the Providence Police at the first sign of trouble.
This Court however, does not agree. Plaintiff, by his actions, clearly demonstrated his duty to be more than merely a vehicle through which help could be summoned. Plaintiff was brought to the scene by the performance of his duty. He remained there to resolve the matter. When confronted with the problem, he sought to rectify it himself. When pushed, he pushed back. Even then, he turned to speak to another driver in line, not withdraw from the scene. It was at this point that he was subject to a violent attack.
While this Court does not dispute the serious nature of the injury or the violence of the attack, it does not conclude that they were inflicted on a bystander, passerby nor a victim under The Act. Rather, Plaintiff by accepting a position as a security guard, knowingly placed himself in harm's way.
For the foregoing reasons, the Court finds that the Plaintiff is precluded from compensation under The Act and accordingly the State's motion to dismiss is granted.