**William BUTTI**

v.

**Frederick ROSSI.**

**No. 91–304–Appeal.**

Supreme Court of Rhode Island.

Dec. 18, 1992.

Joseph J. Reale, Jr., Providence, for plaintiff.

Robert S. Ciresi, North Providence, for defendant.

## OPINION

SHEA, Justice.

This case comes before us on the plaintiff's appeal from the judgment of the Superior Court granting the defendant's motions for directed verdicts. We reverse.

Those facts that are not disputed, are that plaintiff, William Butti, was attacked by defendant's dog when he entered defendant's property in search of his son. The plaintiff brought suit, seeking damages under theories of both strict liability and negligence.

■ At trial defendant, Frederick Rossi, disputed plaintiff's contention that the property was not enclosed within the meaning of G.L.1956 (1976 Reenactment) § 4–13–16 and that defendant had failed to post adequate warning signs of the presence of the dog. Because the propriety of the trial court's grant of defendant's motion for a directed verdict is in dispute, we must construe all facts and reasonable inferences in favor of plaintiff without passing on the credibility of witnesses. We assume, for purposes of this appeal, that plaintiff's recollection of the facts is correct. *Adler v. Lincoln Housing Authority*, 544 A.2d 576 (R.I.), *cert. denied*, 488 U.S. 968, 109 S.Ct. 496, 102 L.Ed.2d 532 (1988). The plaintiff testified at trial that at the time of the attack, defendant's land was not enclosed in any manner and that, with the exception of a trailer box and an old car, the land was vacant.

At the close of plaintiff's case defendant moved for a directed verdict. The trial court granted the motion on the second and third counts. These counts alleged that defendant had failed to enclose his property properly, or to post warning signs, in violation of chapter 13 of title 4 and chapter 13.1 of title 4, as enacted by P.L. 1985, ch. 400, § 1, making him strictly liable.

When ruling on a motion for a directed verdict, the trial court must review the evidence in the light most favorable to the nonmoving party, without assessing the credibility of the witnesses, and draw all reasonable inferences in favor of that party. *Adler*, 544 A.2d at 579. If it is then apparent that no reasonable conclusion in favor of the nonmoving party could be reached, the court must grant the motion. *Id.*

■ In his second count plaintiff alleged that defendant should be held liable for his injuries under § 4–13–16 and § 4–13–17. Section 4–13–16 holds the owner of a dog liable for injury caused by his animal when it is outside the owner's enclosure. We have construed this statute, and specifically the term "enclosure," to mean not only a fence or physical obstruction but also any condition that will give reasonable notice that the land is private property. *See Lamoureux v. Davis*, 504 A.2d 449, 451 (R.I.1986); *Bernhart v. Nine*, 120 R.I. 692, 698–99, 391 A.2d 75, 78 (1978).

■ At trial plaintiff presented testimony that defendant's land was vacant except for an old car and a trailer box. The plaintiff also testified that the land was not enclosed in any manner and that there were no signs posted on the property to warn of the presence of the dog. The defendant testified that the land contained several large vehicles and was posted with warning signs. The question of whether an adequate enclosure existed was dependent on the credibility of witnesses, a question of fact that should have been submitted to the jury. A directed verdict for defendant on this issue was therefore improper.

■ The plaintiff incorrectly relied on § 4–13–17. This statute imposes the same liability on the harborer of a dog as on the owner but does not itself apply to the owner. *Oldham v. Hussey*, 27 R.I. 366, 368, 62 A. 377, 378 (1905). The facts of the case before us are that defendant was the owner of the dog. Therefore, § 4–13–17 was not applicable to this case.

The second strict-liability claim in plaintiff's complaint was based upon chapter 13.1 of title 4. This chapter imposes absolute liability upon the owners of vicious dogs. Section 4–13.1–2(a)(1), as enacted by P.L.1985, ch. 400, § 1 defines a vicious dog as "[a]ny dog that when unprovoked inflicts bites or attacks a human being or other animals either on public or private property."

■ In ruling on defendant's directed-verdict motion, the trial court made reference to this statute and noted that the statute also contains a willful-trespass exception to liability. The plaintiff's counsel informed the court that this exception was a 1987 modification and was not yet in effect in 1986 when the attack in this case occurred. In response the trial court sua sponte declared the statute, as it existed prior to 1987, to be unconstitutional. A trial court may not declare a statute to be unconstitutional when the constitutionality of the statute has not been raised as an issue by either party. *See Devane v. Devane*, 581 A.2d 264, 264 (R.I.1990); *Easton's Point Association v. Coastal Resources Management Council*, 522 A.2d 199, 202 (R.I.1987). "[I]t is clear and imperative that a trial justice, in the exercise of his or her judicial authority, not resolve a constitutional issue unless and until such issue is actually raised by the parties to the controversy and a necessity for such a decision is clear and imperative." *Devane*, 581 A.2d at 265.

■ Because the court could not sua sponte declare the 1986 version of § 4–13.1–2 unconstitutional, the question arises whether the 1986 or 1987 version should be applied to plaintiff's claim. Generally statutes are to be given only prospective application unless they are remedial, or procedural or they contain clear language of legislative intention to apply them retroactively. *Newport Yacht Management, Inc. v. Clark*, 567 A.2d 364 (R.I.1989); *Emmett v. Town of Coventry*, 478 A.2d 571 (R.I. 1984). The 1987 amendment contained no language from which a legislative intent that it apply retroactively could be inferred. The purpose of the amendment was to curtail the right of willful trespassers to recover for injuries. It was therefore substantive in nature and could not be applied retroactively. Thus the trial court should have allowed the claim, under the law as it existed in 1986, to proceed to the jury for a determination of the relevant factual issues.

■ At the conclusion of trial defendant renewed his motion for a directed verdict in regard to the remaining counts. The court granted this motion. The remaining counts were based upon a theory of negligence for defendant's alleged failure to adequately warn of the presence of the dog.

As we noted above, when ruling on a directed-verdict motion, the trial court must "review all the evidence in the light most favorable to the party against whom the motion is made, without weighing the evidence or considering the credibility of the witnesses, and extract from the record only those reasonable inferences that support the position of the party opposing the motion." *Rickey v. Boden*, 421 A.2d 539, 543 (R.I.1980).

A review of this record in the light most favorable to plaintiff would indicate that defendant's property was not enclosed and that no warning signs were posted. Both plaintiff and his witness testified that they had not seen warning signs on the premises. The trial court ruled that simply because plaintiff had not seen signs did not mean they had not been posted. The court noted that plaintiff did not testify to having looked at a specific pole where defendant claimed the signs were posted.

We conclude that the trial court failed to draw all reasonable inferences in favor of the plaintiff and impermissibly weighed ev-

idence and assessed the credibility of witnesses in ruling on the defendant's directed-verdict motion. Therefore, a question of fact existed, as to whether the defendant breached his duty to warn, and should have been submitted to the jury.

The plaintiff's appeal is sustained, the judgment of the Superior Court is reversed, and the case is remanded to the Superior Court for a new trial.