[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case is before the Court on Plaintiff's claim for personal injuries received as a result of a stabbing in the City of Woonsocket on June 12, 1983. Plaintiff brings this action pursuant to the Criminal Injuries Compensation Act, R.I.G.L.12-25-1 et seq. hereinafter referred to as The Act.
The facts are as follows. Plaintiff was dropping off a friend on Lincoln Street in the City of Woonsocket. Across the street was one Walter Fetzik and his wife Shirley Fetzik both known to the Plaintiff. Plaintiff spoke to both and, as a result thereof words were exchanged between Fetzik and the Plaintiff. It appears from the testimony that Fetzik was not pleased that Plaintiff had spoken to Shirley Fetzik. Fetzik, on crutches, proceeded across the street and pulled a knife from his belt. Plaintiff attempted to knock Fetzik down by opening the car door but was unsuccessful. At that point, Plaintiff was stabbed but managed to fight off his attacker. Police arrived and took Fetzik into custody. Fetzik was charged and pleaded to assault and was placed on probation for a period of one year.
The fact that the Plaintiff was injured in the above described incident is not in dispute. Rather the question, and the reason for the hearing, can be stated as follows: Was Frederick Ludden a victim under The Act and did he, by his actions, contribute to his injuries.
Section 12-25-3(3)(d) states:
 In determining whether to render judgment for compensation or to issue an order approving a settlement as described above and the amount thereof the court and treasurer may consider any circumstances it determines to be relevant, including the behavior of the victim which directly or indirectly contributed to his or her injury or death, unless such injury or death resulted from the victim's lawful attempt to prevent the commission of a crime or to apprehend an offender.
This Court finds that the Plaintiff did in fact, by his conduct, contribute to his injuries. The Court is not convinced that the plaintiff was unable to better protect himself by leaving the scene. As stated above, Plaintiff and his assailant were acquainted. At the hearing, Plaintiff testified that he knew Fetzik to be dangerous, in fact, a few weeks before he had left Fetzik's house after an argument had started between the two because he was afraid of being injured. This Court finds that he should have followed that course of action again. Such retreat in fact would have been aided by the fact that the assailant was on crutches. Furthermore, Plaintiff was not a novice in a situation such as this. Plaintiff has himself been charged with assault on more than one occasion.
The above described altercation resulted from a feud of some sort between the two. The exact details are unknown to the Court. However, the purpose of the Victim Injuries Compensation Act is to compensate victims who have been described by the Rhode Island Supreme Court in Brown v. State of Rhode Island, 512 A.2d 875
(R.I. 1986) as "an individual who is an involuntary participant in a criminal act or totally unaware that he or she is a potential participant in a crime." Therefore, the purpose of The Act is to compensate innocent victims, not those who are injured because they lost a fight.
Nothing contained herein is meant in any way to exculpate Walter Fetzik. His conduct was reprehensible. However, the Plaintiff was not entitled to compensation under The Act.
According, Plaintiff's damages are not compensable and final judgment shall enter for the defendant against the plaintiff. Counsel for the General Treasurer will prepare an order for approval by the Court.